UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHAWN MARCEL JONES,

        Petitioner,          Civil Case Number 17-11928
v.          Criminal Case Number 11-20394
        Honorable David M. Lawson
UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE

This matter is before the Court on the petitioner's motion to vacate his sentence under 28 U.S.C. § 2255. The petitioner contends that his sentence should be vacated because the Court improperly relied on two prior state court convictions for delivery of a controlled substance when it imposed a sentence under the Career Offender Guideline. *See* U.S.S.G. § 4B1.1(b)(1). The Court has reviewed the motion and finds that the claims raised lack merit because they are foreclosed by controlling circuit law. The motion therefore will be denied.

On June 21, 2011, the petitioner was charged in six counts of a multi-count indictment with conspiracy to possess with intent to distribute and to distribute controlled substances (cocaine base and heroin), contrary to 21 U.S.C. §§ 841, 846 (Count 1), distribution of a controlled substance (cocaine base), 21 U.S.C. § 841(a)(1) (Counts 3, 4, 6, and 7), and aiding or abetting distribution of a controlled substance, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (Count 5). On June 20, 2012, he pleaded guilty to Count 1 under a Rule 11 plea agreement with the government. In their agreement, the parties anticipated a guideline range of 262 to 327 months, with a mandatory minimum sentence on Count 1 of at least 10 years. The government subsequently filed a motion for reduction of sentence under U.S.S.G. § 5K1.1. On October 9, 2012, the Court sentenced the petitioner to 180 months in prison. The guideline range and the sentence largely were dictated by the

petitioner's status as a career offender, based on his three prior state court convictions for attempted delivery of controlled substances under Michigan Compiled Laws § 333.7401. On June 16, 2017, the petitioner filed his motion to vacate sentence under 28 U.S.C. § 2255.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

In his present motion, the petitioner argues that two of his prior convictions should not be counted toward his career offender status because convictions for "delivery" of drugs under Michigan's controlled substances statutes do not qualify as "controlled substance offenses" as that concept is defined for the purposes of the Career Offender Guideline. *See* U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense [and] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."). However, the Sixth Circuit has held otherwise.

"To decide whether a given conviction qualifies as a predicate offense under U.S.S.G. § 4B1.1(a), [the Court] generally use[s] the 'categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017) (quoting *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2248-49 (2016)). "But where the statute of conviction is 'divisible' — i.e., lists elements in the

alternative such that the statute 'comprises multiple, alternative versions of the crime' — [the Court] employ[s] the 'modified categorical approach.'" *Ibid.* (quoting *Descamps v. United States*, 570 U.S. 254, 261-62 (2013)). "That approach entails sorting through the alternative elements to determine whether any of them 'matches an element in the generic offense,' and if one does, 'consult[ing] a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction.'" *Ibid.* (quoting *Descamps*, 570 U.S. at 262).

The Sixth Circuit repeatedly has held, upon application of the modified categorical approach, that a conviction under Michigan Compiled Laws § 333.7401 counts as a "controlled substance offense" under U.S.S.G. § 4B1.1(a). *House*, 872 F.3d 748; *United States v. Brown*, 727 F. App'x 126, 129 (6th Cir. 2018) ("Brown's two Michigan drug convictions at issue are for delivery or manufacture of less than 50 grams of a controlled substance, in violation of Mich. Comp. Laws § 333.7401. . . . This court has previously held — on multiple occasions after conducting a modified-categorical approach analysis — that a conviction for violating the aforementioned Michigan statute qualifies as a predicate offense under U.S.S.G. § 4B1.1(a)."). The court of appeals also has held that even an "attempt" to distribute or deliver drugs counts as a controlled substance offense under the career offender guideline. *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012) ("[A] conviction under [Ohio Revised Code § 2925.03(A)(1)] for offering to sell a controlled substance constitutes an attempt to distribute a controlled substance, and thus a conviction under the statute categorically qualifies as a controlled substance offense under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(b)."); *United States v. Solomon*, 592 F. App'x 359, 361 (6th Cir. 2014) ("The fact that Solomon was convicted of attempted possession does not change [the conclusion that his prior conviction qualified as a controlled substance offense]: Application Note

1 to § 4B1.2 of the Guidelines makes clear that 'controlled substance offense' includes attempt to commit a controlled substance offense.").

The assessment of the petitioner's career offender status based on his previous state convictions for delivery of controlled substances was proper, and the petitioner therefore has not shown that he presently is in custody under a sentence that violates any federal law or constitutional provision.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [212] is **DENIED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Date:   September 26, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2018.

        s/Susan K. Pinkowski
        SUSAN K. PINKOWSKI